UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John RYAN,<br><br>  Plaintiff,<br><br>v.<br><br>UC SAN DIEGO MEDICAL CENTER, et al.,<br><br>  Defendants. | Case No.: 25-cv-1370-AGS-VET<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2)** |

Plaintiff, John Ryan, proceeding without an attorney, complains about his medical treatment while in the custody of San Diego County. In support of his complaint, he requests to be permitted to proceed in forma pauperis, that is without paying the filing fee. But because his affidavit supporting his motion is essentially blank, the Court denies that request without prejudice.

Typically, plaintiffs in a United States district court must pay filing fees of $405. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). "An action may proceed despite failure to pay the filing fees only if the party is granted IFP status." *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). But a plaintiff must "submit[] an affidavit stating that [he] lacks sufficient funds" and make that showing "with some particularity, definiteness and certainty." *Id.* at 1234 (cleaned up). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Barbara Stuart Robinson v. City of Las Vegas*, No. 2:24-cv-02417-MDC, 2025 WL 1547124, at *1 (D. Nev. May 30, 2025)

Ryan does not meet that requirement. Although he offers two affidavits, one ignores five pages of questions and provides no information, excepting his name, age, signature, daytime phone number, and last four social-security number digits. (*See* ECF 2, at 1–5.)

1  There are a few zeroes, but Ryan didn't fill those in; they are entries that just compile totals
2  from other questions and are zero by default. *Compare* AO 239: Application to Proceed in
3  District Court Without Prepaying Fees or Costs (Long Form), *available at*
4  https://www.casd.uscourts.gov/_assets/pdf/forms/AO239_Application%20to%20Proceed
5  %20Without%20Prepayment.pdf. Regardless, the affidavit itself warns that an IFP
6  applicant must "[c]omplete all questions in this application and then sign it. Do not leave
7  any blanks." (*See* ECF 2, at 1.) The second affidavit follows the same pattern, ignoring
8  both pages of questions except to write "zero" in the gross income question. (*See id.* at 6–
9  7.) Simply put, the affidavits lack virtually any detail to comply with plaintiff's
10 particularity, definiteness, and certainty burdens. (*See id.* at 1 (requiring plaintiffs to write
11 "0" or "N/A" in response to questions even if they have no responsive assets or debts).)

So, Ryan's motion to proceed IFP is **DENIED**. The Clerk must dismiss the case without prejudice for failure to pay the filing fee. If Ryan either pays the filing fee or files a renewed IFP request by **July 25, 2025**, the Clerk must automatically reopen this case.

Dated:  June 2, 2025

_____
Hon. Andrew G. Schopler
United States District Judge